IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                        Case No. 20-10022-JWB

KYLE ELLERY,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for reduction of sentence. (Doc. 43.) The motion is fully briefed and ripe for decision.[1] (Doc. 45.) The motion is DENIED for the reasons stated herein.

**I.**     **Facts and Procedural History**

On April 7, 2021, Defendant pleaded guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to count two of the indictment charging a violation of 18 U.S.C. § 2423(b). (Doc. 30.) This statute criminalizes interstate travel with the intent to engage in illicit sexual conduct. According to the plea agreement, Defendant traveled from Kansas to Missouri to meet the minor victim and engage in illicit sexual conduct. (*Id.* at 2.) The parties' agreement proposed an 87-month sentence. Defendant did not have any prior juvenile or adult convictions. (Doc. 34 ¶¶ 38, 39.) The sentencing guidelines range was calculated at 57 to 71 months. (*Id.* ¶ 84.) By pleading guilty to count two, Defendant avoided the statutory penalty of count one which carried a term of 10 years to life. (*Id.* ¶ 86.)

---

[1] Defendant did not file a reply brief and the time for doing so has now passed.

On June 24, 2021, the court accepted the plea agreement and sentenced Defendant to 87 months. (Doc. 36.) Defendant now moves for a sentence reduction based on a change in the sentencing guidelines.

## II. Analysis

Defendant seeks a reduction in his sentence on the basis that Amendment 821 to the Sentencing Guidelines provides an adjustment for zero-point offenders. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 12, 2024).

Defendant is a zero-point offender. However, in order to receive an adjustment, Defendant must also meet other criteria in § 4C1.1. One of those requirements is that the instant offense is not a sex offense. *Id.* § 4C1.1(a)(5). Defendant's conviction is a sex offense as that term is defined in § 4C1.1. *See id.* at §4C1.1(b)(2). Therefore, he would not be entitled to an adjustment under the new provision in the guidelines. Further, Defendant was not sentenced under the guidelines but was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement.

2

**III.     Conclusion**

Defendant's motion for a sentence reduction (Doc. 43) under § 3582(c)(2) on the basis that there is a change in the Sentencing Guidelines is DENIED.

IT IS SO ORDERED.  Dated this 14th day of February, 2024.

　s/ John W. Broomes　　　
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
